## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between RUFINO FERNANDO NAVARRO ("Navarro"), ISMAEL MEJIA ("Mejia"), JUAN ROSAS, CORTEZ ORMAZA RENEE OMAR, DANIEL MORALES, HUGO CAZAREZ, and BARTLOMIEJ JAMROGA (all together with Navarro and Mejia, where appropriate, as "Plaintiffs"), and ADAMBA IMPORTS INTERNATIONAL, INC. ("Defendant"), together with any successors, affiliates, assigns, administrators, executors, officers, directors, agents, and shareholders thereof, in their own respective capacity as such (collectively referred to as "Defendant Released Parties") (Defendant and Plaintiffs together, where appropriate as the "Parties");

**WHEREAS**, on or about November 16, 2021, Plaintiffs initiated legal action against Defendant in the United States District Court for the Eastern District of New York (the "Court"), entitled *Navarro et al v. Adamba Imports International, Inc.*, 21-cv-6342 (PKC)(RLM) (the "Action"), in which Plaintiffs alleged, *inter alia*, violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and,

**WHEREAS**, in the Complaint, Plaintiffs have alleged, among other things, that Defendant failed to pay them overtime wages, spread of hours compensation, and other alleged damages relating to the FLSA and the NYLL claims in connection with services that they performed on Defendant's behalf; and,

**WHEREAS**, Defendant denies all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1. **Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendant, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 4 below. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid overtime wages, spread of hours compensation,

and other alleged damages relating to the FLSA and the NYLL claims from the commencement of their employment with Defendant to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

**2.     Settlement Amount and Payment:**

a.     As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiffs have, had, or may have against Defendant, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the release set forth in Paragraph 4 below, Defendant agrees to pay Plaintiffs and their counsel the total sum of One-Hundred Thousand Dollars and Zero Cents ($100,000.00) ("Settlement Amount").  Within fourteen (14) days of the Court granting Plaintiffs' Motion for Settlement Approval of a Fair Labor Standards Act Case ("Motion for FLSA Approval"), and entering the Parties' Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A, or by dismissing the case with prejudice against Defendant through any other means, Defendant will pay the Settlement Amount as follows:

  i.     A check made payable to "JOSEPH & NORINSBERG, LLC, as attorneys for Plaintiffs Rufino Fernando Navarro, et al." in the total amount of Sixty-Four Thousand Seven Hundred Fourteen Dollars and Sixty-Six Cents ($64,714.66), representing payment of the Settlement Amount, reportable on an IRS Form 1099;

  ii.    A check made payable to "JOSEPH & NORINSBERG, LLC" in the amount of Thirty-Five Thousand Two-Hundred Eighty-Five Dollars and Thirty-Four Cents ($35,285.34), representing attorneys' fees of Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) and disbursements of One Thousand Nine Hundred Fifty-Two Dollars and One Cent ($1,952.01), reportable on an IRS Form 1099.

b.     The payments set forth in this Paragraph shall be delivered to Joseph & Norinsberg, LLC, 69-06 Grand Avenue, 3rd Floor, Maspeth, NY 11378.

c.     Prior to Defendant paying the Settlement Amount, Defendant shall receive fully executed IRS Form W-9s from Plaintiffs and a fully executed IRS Form W-9 from Plaintiffs' attorneys.

d.     Plaintiffs agree and affirm that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, liquidated damages,

penalties and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiffs relating to their FLSA and NYLL claims.

  e.  Defendant agrees that the Court may retain jurisdiction over this Action to enforce this Agreement and the payments set forth in this Paragraph.

**3.  Release by Plaintiffs:**

  a.  Plaintiffs knowingly and voluntarily releases and forever discharges the Defendant Released Parties of and from any and all claims asserted or unasserted, known and unknown, that were pled or could have been pled, which arise from the non-payment of wages for hours worked, minimum wage, overtime wage, break time, tips, missed meal or rest periods, tools of the trade violations, records keeping violations, frequency of pay, statutory penalties, spread of hours pay, or violations of any and all laws concerning hours worked or payment of wages or overtime, including, without limitation, claims under the FLSA, the NYLL, and their respective regulations, including losses, damages, expenses, remedies, obligations, costs, attorneys' fees, liabilities, and/or demands, known and unknown, which Plaintiffs have or may have against the Defendant Released Parties as of the date this Agreement is fully executed. Plaintiffs hereby completely releases all wage and hour claims against Defendant and release and forever discharge Defendant with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiffs, Plaintiffs' heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Defendant from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations. Plaintiffs also agree to release Defendant Released Parties from any claims asserted in Plaintiffs' Complaint.

  b.  Additionally, with respect to Plaintiffs Navarro and Mejia claims of retaliation under the Families First Coronavirus Response Act ("FFCRA") and discrimination under the New York City Human Rights Law ("NYCHRL"), Plaintiffs Navarro and Mejia knowingly and voluntarily releases and forever discharges the Defendant Released Parties of and from any and all claims asserted or unasserted, known and unknown, that were pled or could have been pled, which arise from or relate to their employment and/or alleged termination of employment with Defendant including losses, damages, expenses, remedies, obligations, costs, attorneys' fees, liabilities, and/or demands, known and unknown, which Plaintiffs Navarro and Mejia have or may have against the Defendant Released Parties as of the date this Agreement is fully executed. Plaintiffs Navarro and Mejia hereby completely release and forever discharge Defendant with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiffs Navarro and Mejia, their heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Defendant from the beginning of time up to and including the day of the date of this Agreement. Similarly, Defendant knowingly and voluntarily releases and

forever discharges Plaintiffs Navarro and Mejia of and from any and all claims asserted or unasserted, known and unknown, that were pled or could have been pled, which arise from or relate to their employment and/or alleged termination of employment with Defendant.

4. **Covenant Not to Sue and Breach Provision:** Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendant concerning any matter released in this Agreement. If Plaintiffs breach this Paragraph, as determined by a Court of competent jurisdiction, Defendant shall be entitled to recover its costs, including reasonable attorneys' fees, relating to Defendant's enforcement of this Agreement and/or defense of such claims, provided that Defendant is the prevailing party. Similarly, should Defendant fail to timely pay the Settlement Amount, Plaintiffs shall be entitled to recover their costs, including reasonable attorneys' fees, relating to Plaintiffs' enforcement of this Agreement, provided that Plaintiffs are a prevailing party.

5. **Filing of Stipulation of Dismissal with Prejudice:** The Parties agree that Plaintiffs' counsel will cause to be filed with the Court Plaintiffs' Motion for Settlement Approval and/or any other documents needed to obtain settlement approval, including the Parties' Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A. Plaintiffs and Defendant hereby authorize their counsel, respectively, on their behalf, to execute the Stipulation of Dismissal with Prejudice. Should the Court approve the settlement, the Action shall be dismissed with prejudice and without costs or attorneys' fees except as stated in Paragraph 2. Additionally, except as stated in Paragraph 13, if the Court does not grant Plaintiffs' Motion for Settlement Approval, this Agreement shall be void and null, but the Parties will work together to reasonable to attempt to cure any defects or deficiencies that caused the Court to reject their Agreement to the extent it / they may be cured.

6. **Taxes:** On or about January 31, 2024, Plaintiffs shall receive from Defendant and Defendant shall file with the Internal Revenue Service an IRS Form 1099 reflecting payment to Plaintiffs of the Settlement Amount which was received by them in the prior calendar year. Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by them with respect to the Settlement Amount in Paragraph 2 above. Plaintiffs acknowledges and assumes all respective responsibility for paying those amounts, if any and agrees to indemnify and hold harmless Defendant against any such liability for the portion of the Settlement Amount paid to them and their counsel, as the case may be, including any and all interest, penalty or penalties, attorney or other professional fees, costs or expenses arising there from. Plaintiffs acknowledge that they have not received any tax advice, other than to seek advice from a tax professional, from any party or attorney appearing in this Action.

7. **Non-Disparagement:** Plaintiffs agree that they shall not make any statement, written, oral, or electronic, which in any way disparages Defendant, including any individual

known to be employed by Defendant, or Defendant's business practices.  Notwithstanding the provisions of this Paragraph, Plaintiffs shall be entitled to make truthful statements about their employment and their experiences litigating this Action.

**8.** **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendant under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment with Defendant. Defendant has consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

**9.** **No Pending Claims:** Plaintiffs hereby represent that other than the Complaint, they have no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against any of the parties with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

**10.** **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles.  Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in Brooklyn, New York or the United States District Court for the Eastern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

**11.** **Effective Date:** This Agreement shall become effective as of the date the Court grants Plaintiffs' Motion for Settlement Approval.  In the event the Court does not grant Plaintiffs' Motion for Settlement Approval, except as stated in Paragraph 5 and Paragraph 13, this Agreement will be null and void.

**12.** **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, promises, understandings, or representations, whether oral or written, express or implied, between the Parties hereto.  There is no other agreement except as stated herein.  Each Party acknowledges that the other has made no promises other than those contained in this Agreement.

**13. Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**14. Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

**15. Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

**16. Assignment of Claims:** Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**17. Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**18. Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**19. Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature, including through DocuSign, shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

**20. Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this

Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

    a.    By signing this Agreement, the undersigned Plaintiffs further warrant and represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between their attorneys and the attorneys for Defendant. Plaintiffs further represent that:

    i. Each of them has reviewed each and every provision of this Agreement;
    ii. The Agreement has been explained to them, in their native language where applicable, by their attorneys;
    iii. They fully understand this Agreement, including the release of claims; and
    iv. Where necessary, this agreement was translated into their native language (Spanish) before executing same.

    b.    Plaintiffs also respectively represent that they voluntarily and knowingly enter into this Agreement of their own free will.

    c.    Plaintiffs further represent that neither the Defendant nor any of its agents, employees, representatives, or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that their respective decisions to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that they have been fairly represented by their attorneys throughout these proceedings.

    **21.**    **Notices:** Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via Electronic Mail. Notice shall be deemed served from the date of such emailing. If multiple Parties are represented by the same attorney, only one notice to such attorney shall be necessary.

| **Plaintiffs** | **Defendant** |
|---|---|
| Michael R. Minkoff, Esq.<br>Joseph & Norinsberg, LLC<br>*Attorneys for Plaintiffs*<br>69-06 Grand Avenue, 3rd Floor<br>Maspeth, NY 11378<br>Tel: (212) 227-5700<br>Michael@employeejustice.com | Danielle E. Mietus, Esq.<br>Franklin, Gringer & Cohen, P.C.<br>*Attorneys for Defendant*<br>666 Old Country Road, Suite 202<br>Garden City, New York 11530<br>Tel: (516) 228-3131<br>dmietus@franklingringer.com |

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

AGREED:

_____  Dated: _____
**RUFINO FERNANDO NAVARRO**

_____  Dated: _____
**ISMAEL MEJIA**

_____  Dated: 01/04/2023
**JUAN ROSAS**

_____  Dated: _____
**CORTEZ ORMAZA RENEE OMAR**

_____  Dated: _____
**DANIEL MORALES**

_____  Dated: _____
**HUGO CAZAREZ**

_____  Dated: _____
**BARTLOMIEJ JAMROGA**

_____  Dated: _____
**ADAMBA IMPORTS INTERNATIONAL, INC.**
By: _____